IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DORIS M. HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3663-D |
| | § | |
| DALLAS COUNTY HOSPITAL, | § | |
| DISTRICT d/b/a PARKLAND HEALTH | § | |
| & HOSPITAL a/k/a PARKLAND | § | |
| HOSPITAL, jointly and severally, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Doris M. Harris has filed Objections to Defendant's Bill of Costs, *see* Dkt. No. 64, which United States District Judge Sidney A. Fitzwater has referred to the undersigned United States magistrate judge for determination, *see* Dkt. No. 67; *see generally Shepherd v. Dallas Cty., Tex.*, No. 3:05-cv-1442-D, 2010 W 2573346, at *4 (N.D. Tex. June 24, 2010).

Defendant Dallas County Hospital District d/b/a Parkland Health & Hospital filed a response, *see* Dkt. No. 65, and Plaintiff filed a reply, *see* Dkt. No. 68.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part Plaintiff's Objections to Defendant's Bill of Costs [Dkt. No. 64].[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should

## Background

On May 19, 2016, the Court granted Defendant's Motion for Summary Judgment [Dkt. No. 40], *see* Dkt. No. 61, and entered its Judgment [Dkt. No. 62], which assessed taxable costs of court against Plaintiff.

On May 25, 2016 Defendant filed its Bill of Costs [Dkt. No. 63], requesting taxable costs in the amount of $4,829.70. Plaintiff then filed her Objections to Defendant's Bill of Costs. *See* Dkt. No. 64.

Specifically, Plaintiff objects to a total of $340.00 incurred for service of summons or subpoenas by a private service processor, $35.00 incurred for the expedited service of a subpoena served on Dr. Jean Akpan, $66.00 incurred for a subpoena served on CT Corporation, and $1,300.00 "incidental costs," including litigation support packages ($100.00), shipping and handling ($60.00), after hours costs and overtime for the court reporter and videographer ($920.00), video and synchronizing and media archive ($220.00), and court filing fees ($30.00). *See* Dkt. No. 63 at 1-4; Dkt. No. 64.

Plaintiff has withdrawn her initial objections to the costs of copies associated with the depositions of Tamika Cook and Melanie Highfill and the records from Dr. Maureen Finnegan and Victoria Lopez. *See* Dkt. No. 68.

In sum, Plaintiff seeks to deny recovery of $1,771.00 from Defendant's original Bill of Costs and asks the Court to tax costs against Plaintiff in amount of $3,058.70.

---

be understood accordingly.

**Legal Standards and Analysis**

Plaintiff challenges Defendant's Bill of Costs on the basis that the costs are not expressly enumerated in 28 U.S.C. § 1920.

Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (internal quotation marks omitted). "Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920" and "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (internal quotation marks omitted). In short, "taxable costs are limited by statute and are

modest in scope." *Id.*

The Court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)); *accord Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004) (en banc) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."). "If the party against whom costs are sought does not object, a presumption arises that the costs were necessarily incurred and will be taxed. An objection shifts that burden to require the party seeking costs to show that the costs were necessary." *Tempest Publ'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 717 (S.D. Tex. 2015) (citations omitted).

Costs Related to Private Process Server

Plaintiff timely objects to the fees related to a private process server in the amount of $441.00, including $35.00 incurred for the expedited service of a subpoena served on Dr. Akpan and $66.00 incurred for a subpoena served on CT Corporation.

Section 1920(1) authorizes recovery of "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Plaintiff asserts that "private process service fees are not recoverable under §1920." Dkt. 64 at 2. That is not a complete statement of the law, however. *See Marmillion v. Am. Intern. Ins. Co.,* 381 F. App'x 421, 431 (5th Cir. 2010). Rather, the United States Court of Appeals for the Fifth Circuit has held that, "absent exceptional

circumstances, the costs of a private process server are not recoverable under Section 1920." *Id.* (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael* 118 F.3d 245, 257 (5th Cir. 1997)).

In response, Defendant cites previous case law from the Fifth Circuit, which Defendant contends "permits the recovery of private process server fees as taxable costs because the service of summonses and subpoenas is now done almost exclusively by private parties employed for that purpose, not the U.S. Marshall." Dkt. 65 at 2 (citing *Gaddis*, 381 F.3d at 456 (quoting *Aflex Corp. v. Underwriters Labs, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990))). But the en banc decision in *Gaddis* merely discusses the United States Court of Appeals for the Ninth Circuit's holding in *Aflex Corp.*, and the Fifth Circuit did not adopt the Ninth Circuit's interpretation. *See Marmillion,* 381 F. App'x at 431.

As in *Cypress-Fairbanks*, Defendant does not allege any exceptional circumstances as to the need of a private process server. *Accord Vital v. Varco*, Civ. A. No. H-12-1357, 2015 WL 7740417, at *2 (S.D. Tex. Nov. 30, 2015).

The Court sustains Plaintiff's objections to the $340.00 claimed for service of subpoenas by the process server.

Plaintiff further objects to being taxed what Defendant has explained is $35.00 for the expedited service of the subpoena served on Dr. Jean Akpan. *See* Dkt. 64 at 2; Dkt. No. 65 at 2-3.

But "Section 1920(1) does not specifically provide for the recovery of costs incurred as a result of rush service of subpoenas." *Saldivar v. Austin Indep. Sch. Dist.*,

No. A-14-CA-00117-SS, 2016 WL 1064654, at *8 (W.D. Tex. Mar. 15, 2016). And Defendant's explanation for the need for rush service – even if fully credited – does not expressly address why any exceptional circumstances required the use of a private process server.

The Court sustains Plaintiff's objections to the $35.00 claimed for the expedited service of the subpoena served on Dr. Akpan.

Plaintiff also objects to Defendant's seeking to recover costs related to a subpoena served on CT Corporation, in the amount of $66.00. Plaintiff only complains that CT Corporation is unrelated to the litigation and that it is unclear from the invoice the reason for the CT Corporation subpoena. *See* Dkt. 64 at 2. Citing *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 282 (5th Cir. 1991), Plaintiff asserts that there is no nexus between this cost and the litigation.

The holdings and discussion in *Fogleman* are based on the statutory language of 28 U.S.C. §§ 1920(2) and 1920(4), permitting recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

Here, CT Corporation was the registered agent of Baylor Medical, a concurrent employer of Plaintiff. "Registered agents exist to receive process; they are in the business of receiving legal correspondence." *Barr v. Zurich Insurance Company*, 985 F. Supp. 701, 702–03 (S.D. Tex.1997). Defendant explains that, "[a]though Plaintiff alleged in her lawsuit that Parkland failed to accommodate her disability by requiring

her to walk more than four hours per shift, Parkland discovered that Plaintiff was working at Baylor around this same time and walked for over nine hours per day but never requested an accommodation at Baylor"; that "Parkland served Baylor with a subpoena in order to obtain Plaintiff's personnel records and to confirm that she never requested any accommodation from Baylor"; and that "Parkland's subpoena to Baylor was necessary to provide further evidence that Plaintiff was not a 'qualified individual' under the Americans with Disabilities Act ('ADA') and that Parkland did not fail to accommodate her." Dkt. No. 65 at 3-4 (footnotes omitted).

But Plaintiff correctly points out in reply that, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." *Marmillion,* 381 F. App'x at 431. Even assuming that Defendant sought information and documents from Baylor that was necessarily obtained for use in the case, its costs for the subpoena to do so are not recoverable under Section 1920 without a showing of exceptional circumstances.

The Court sustains Plaintiff's objections to the $66.00 claimed for costs related to a subpoena served on CT Corporation.

Fees Related to "Incidental Costs"

Plaintiff further objects to certain "incidental costs" that Defendant seeks to recover. Specifically, Plaintiff objects to Defendant's seeking to tax costs for litigation support packages ($100.00), shipping and handling ($60.00), after hours costs and overtime for the court reporter and videographer ($920.00), video synchronizing and media archive of Plaintiff's video deposition ($220.00), and court filing fees ($30.00).

*See* Dkt. 64 at 3. In response, Defendant "withdraws its request for recovery of costs associated with the litigation support package and shipping and handling and will file an amended Bill of Costs as necessary following the Court's ruling on Plaintiff's objections." Dkt. No. 65 at 4 n.9.

Section 1920(2) authorizes recovery as costs of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Section 1920(4) authorizes recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Id.* § 1920(4).

Section 1920(2) authorizes recovery of the costs for both the paper transcript and the video recording of a deposition so long as, at the time that a transcript and a video recording were made, each could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery. *See Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 790 (N.D. Tex. 2014). But, "[a]s with the cost of expediting transcripts of depositions, incidental costs like shipping, binding, and tabbing are generally not taxable, as these costs are not listed in § 1920." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015); *see also Hoffman v. L&M Arts*, No. 3:10-cv-953-D, 2015 WL 1000864, at *8 (N.D. Tex. Mar. 6, 2015) (explaining that "[a] plaintiff is not entitled to recover incidental costs associated with these depositions, such as the cost of ASCII disks and delivery charges" (internal quotation marks omitted)).

So, too, "costs for video synchronization ... are not enumerated in § 1920." *Vital*, 2015 WL 7740417, at *3; *accord United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 450 n.9 (W.D. Tex. 2010) (finding that "video synchronization was a convenience to the parties and not a necessity"); And Defendant has not shown that, in this case, synchronization was more a necessity than a convenience.

The Court sustains Plaintiff's objection as to the costs sought for video synchronizing and media archive of Plaintiff's video deposition ($220.00), litigation support packages ($100.00), and shipping and handling ($60.00).

As for the $920.00 that Defendant seeks for after hours costs and overtime for the court reporter and videographer, the Court notes that there are restrictions on recovering a court reporter's fees, such as the travel of the court reporters. *See W. Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.*, 834 F.2d 1232 (5th Cir. 1988).

Here, Plaintiff does not object to the "necessity" of the depositions in question but rather only recovery as taxable costs of the overtime and after-hours charges by the court reporter and videographer. Plaintiff explains that she was on time for the deposition and that Defendant failed to address the necessity for after-hour service and overtime. Without more information, Defendant has not met its burden to explain and support the necessity of these additional, out-of-the-ordinary deposition charges.

The Court sustains Plaintiff's objection as to the $920.00 sought for after hours costs and overtime for the court reporter and videographer.

Finally, as to the challenged $30.00 in filing fees, generally, 28 U.S.C. § 1920(1) allows the prevailing party to recover "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). filing fees. See 28 U.S.C. § 1920(1). Other courts also awarded state court filing fees as well as federal court filing fees. See *Lear Siegler Servs v. Ensil Int'l Corp.*, Civ. A. No. SA:05-CV-679-XR, 2010 WL 2595185, at *1 n.5 (W.D.Tex. June 23, 2010).

Here, both parties agree about the designation and the amount of court filing fees. Plaintiff categorizes the court filing fees as "incidental costs" but provides no further argument as to why these costs cannot properly be taxed. *See* Dkt. 64 at 3. And Defendant has explained the necessity of these fees in connection with two depositions.

The Court overrules Plaintiff's objection as to the $30.00 in court filing fees.

\* \* \* \*

For the reasons stated above, the Court determines that Plaintiff's objections as the costs that Defendant seeks to recover related to the private process server ($340.00), the expedited service of the subpoena served on Dr. Akpan ($35.00), the subpoena served on CT Corporation ($66.00), litigation support packages ($100.00), shipping and handling ($60.00), after hours costs and overtime of the court reporter and videographer ($920.00), and video synchronizing and media archive of Plaintiff's video deposition ($220.00) are sustained for a total of $1,741.00. Plaintiff's objection as to the court filing fees in the amount of $30.00 is overruled.

## Conclusion

The Court GRANTS in part and DENIES in part Plaintiff's Objections to Defendant's Bill of Costs [Dkt. 64] for the reasons and to the extent explained above,

and the Clerk of the Court should tax the bill of costs accordingly in the amount of $3,058.70.

SO ORDERED.

DATED: August 5, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-11-